# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| REPUBLIC ENGINEERED PRODUCTS, INC., | CASE NO.: 5:05CV2852 |
| Plaintiff, | JUDGE JOHN ADAMS |
| v. | **ORDER AND DECISION** |
| EULER AMERICAN CREDIT INDEMNITY COMPANY, | |
| Defendant. | |

This matter comes before the Court on an Amended Motion for a New Trial by Defendant Euler American Credit Indemnity Company ("Defendant").[1] (ECF Doc. #125). Plaintiff Republic Engineered Products, Inc. ("Plaintiff") timely filed a Brief in Opposition to the Motion. (ECF Doc. #127). Defendant filed a Reply Memorandum in support of his Motion. (ECF Doc. #128). The Court has been advised, having reviewed the briefs, exhibits, transcripts, and applicable law. For reasons stated below, it is hereby determined that Defendant's Motion is DENIED.

## DISCUSSION

Defendant alleges that the evidence presented at trial was sufficient for a reasonable juror to find for Defendant in this contract dispute. However, Defendant claims that due to improper statements made in Plaintiff counsel's closing argument, the jury was swayed by passion and prejudice and made a finding for Plaintiff. The statements Defendant claims were improper were made in Plaintiff's rebuttal closing

---

[1] Defendant's original motion for a new trial (ECF Doc. #122) was amended to attach the transcript of the rebuttal argument, add a citation, and "more accurately describe its content." Amended Motion for a New Trial, p. 1, n. 1.

argument, "Don't let this insurance company do this.  Send them back to Baltimore, Maryland with a message, you don't do this to companies in North Eastern Ohio."  Amended Motion for a New Trial, Exhibit A, p. 3, lines 9-13.

The Sixth Circuit's holding in *City of Cleveland v. Peter Kiewit Sons' Co.,* 624 F.2d 749 (6th Cir. 1980) set forth the considerations that a district court should look to when considering a motion for a new trial based on an attorney's improper comments.

> In determining whether there is a reasonable probability that the verdict of a jury has been influenced by improper conduct, warranting that the verdict be set aside, a court must examine, on a case-by-case basis, the totality of the circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case (e.g., whether it is a close case),and the verdict itself.

*Id.* at 757.

When looking to the nature of the comments, the jury was aware through testimony of Defendant's witnesses that Defendant was based out of Baltimore, Maryland and that Plaintiff was based in Fairlawn, Ohio.  The jury was also aware, through those same witnesses, that Defendant was in the business of providing insurance to other companies to protect from losses.  Therefore, the nature of the comments do not appear to have been so inflammatory so as to produce passion and prejudice from the jury to disregard the evidence presented and decide the case "solely based on the geographic location of the parties in an 'us verses them' manner."  Amended Motion for a New Trial, p. 2, para. 4.

The Court also notes that this was a five-day trial.  It seems highly unlikely that the jury would have been swayed to passion and prejudice based on two sentences that occurred in the last minutes of the last day of trial.  Additionally, unlike what occurred in

*Kiewit*, these were not references that were made by counsel through out trial, including during examination of the witnesses.  Defendant's objection is based solely on the two statements made by Plaintiff's counsel during the rebuttal closing argument.  Therefore, the Court cannot find that the frequency of the comments sways in Defendant's favor.

When looking to the comments and their relevance to the real issues before the jury, the Court finds little impact.  The main issue before the jury was basically whether Defendant was aware of Jernberg's financial condition prior to or while issuing an insurance policy to Plaintiff.  The locations of the parties had nothing to do with this issue.  Additionally, Defendant claims that because this was a "working class jury," Plaintiff's counsel's comments resulted in an "us verses them" mentality.  It is doubtful that Plaintiff counsel's comments had such an impact when both Plaintiff and Defendant are multimillion dollar corporations, as demonstrated by the evidence at trial.

It is also worthy to note that, when looking to how the parties and the Court treated the comments, Defendant failed to object to these statements.  Additionally, the Court stated both at the beginning and the end of trial in the instructions that arguments are not evidence and that the jury is to consider only the *evidence* before it.

Finally, the Court does agree with Defendant that the reasonable juror could have found for the Defendant.  However, based on the evidence presented at trial, there was also sufficient evidence for a reasonable juror to side for the Plaintiff, as they ultimately did.  The fact that the jury was out only for one hour does not demonstrate they were clearly swayed by passion and prejudice.

Based on the above, the Court does not find that Plaintiff counsel's comments

created a reasonable probability that the jury's verdict was influenced by improper conduct, thus warranting that the verdict be set aside.  Therefore, Defendant's Amended Motion for a New Trial is DENIED.

So ordered.

                                                   _____*s/ Judge John R. Adams*_____
                                                   JUDGE JOHN R. ADAMS
                                                   UNITED STATES DISTRICT COURT